IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Huu Cao,                                    :
                    Petitioner              :
                                            :
         v.                                 :  No. 512 M.D. 2015
                                            :
The Pennsylvania State Police of            :
The Commonwealth of Pennsylvania,           :
                    Respondent              :  Submitted:  June 3, 2022

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION BY
JUDGE CEISLER                                          FILED:  August 4, 2022

Before this Court is an Application for Summary Relief filed by the Pennsylvania State Police of the Commonwealth of Pennsylvania (PSP) seeking dismissal of Huu Cao's Amended Petition for Review filed in this Court's original jurisdiction.  In his Amended Petition for Review, Mr. Cao asserts, *inter alia*, that the registration and reporting provisions of the most recent version of the Sexual Offender Registration and Notification Act (SORNA II)[1] are punitive as applied to him in violation of the *ex post facto* clauses of the United States and Pennsylvania Constitutions.[2]  For the reasons that follow, we grant PSP's Application for Summary Relief and dismiss Mr. Cao's Amended Petition for Review.

---

[1] Act of February 21, 2018, P.L. 27, *as amended* by the Act of June 12, 2018, P.L. 140, 42 Pa. C.S. §§ 9799.10-9799.75.

[2] The United States Constitution provides that "[n]o . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9.  The Pennsylvania Constitution likewise provides that "[n]o ex post facto law . . . shall be passed." Pa. Const. art. I, § 17.  Our Court has recognized that "the ex post facto clauses of both constitutions are virtually identical, and the standards applied to determine an ex

**(Footnote continued on next page…)**

**Background**

On September 22, 2000, Mr. Cao pled guilty to numerous sexual offenses, including aggravated indecent assault. He committed the offenses in May 1995. Following the entry of his plea, the Court of Common Pleas of Lancaster County sentenced Mr. Cao to 2½ to 5 years' incarceration followed by 10 years' probation.

At the time of his convictions, Mr. Cao was required to register with PSP as a sex offender for life pursuant to Megan's Law II, Act of May 10, 2000, P.L. 74, *formerly* 42 Pa. C.S. §§ 9791-9799.7, due to his conviction for aggravated indecent assault. *See former* 42 Pa. C.S. § 9795.1(b)(2). Upon his release from prison in September 2003, Mr. Cao began registering as a sex offender with PSP pursuant to Megan's Law II.

In 2004, the General Assembly enacted Megan's Law III, Act of November 24, 2004, P.L. 1243, *formerly* 42 Pa. C.S. §§ 9791-9799.9. Megan's Law III did not alter the lifetime registration requirement for an individual convicted of aggravated indecent assault. *See former* 42 Pa. C.S. § 9795.1(b). In 2011, the General Assembly replaced Megan's Law III with SORNA II's predecessor, SORNA I, which took effect on December 20, 2012. *See former* 42 Pa. C.S. §§ 9799.10-9799.41.

In 2017, the Pennsylvania Supreme Court decided *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). In *Muniz*, the Supreme Court held that SORNA I violated the *ex post facto* provisions of the United States and Pennsylvania Constitutions when applied retroactively to sex offenders who were convicted of certain crimes before SORNA I's effective date and who were subject to increased registration obligations under SORNA I. On February 15, 2018, PSP notified Mr. Cao that, in response to *Muniz*, PSP had removed his name from the sex offender website, but

post facto violation are comparable." *Evans v. Pa. Bd. of Prob. & Parole*, 820 A.2d 904, 909 (Pa. Cmwlth. 2003).

2

that PSP may need to review his file in the future in response to any newly enacted sex offender registration legislation.

In 2018, in response to *Muniz*, the General Assembly enacted SORNA II, which amended certain provisions of SORNA I and added new provisions that became effective immediately.

On April 20, 2018, following SORNA II's enactment, PSP notified Mr. Cao that under Subchapter I of SORNA II, he was required to register as a sex offender for life. Subchapter I, titled "Continued Registration of Sex Offenders," provides, in relevant part, that its provisions shall apply to individuals who were "required to register with [PSP] under a former sexual offender registration law of this Commonwealth *on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired*." 42 Pa. C.S. § 9799.52(2) (emphasis added). Thus, Mr. Cao was required to register under Subchapter I of SORNA II because his prior lifetime registration commitment, which originally arose under Megan's Law II, had not expired.

On September 12, 2018, Mr. Cao filed an Amended Petition for Review with this Court, challenging his lifetime registration obligation under SORNA II as unconstitutional on numerous grounds. On November 13, 2018, PSP filed Preliminary Objections to the Amended Petition for Review.

On October 16, 2019, following oral argument, this Court sustained in part and overruled in part PSP's Preliminary Objections. This Court overruled PSP's objections to Mr. Cao's *ex post facto* and due process claims and sustained PSP's remaining objections. Thereafter, PSP filed an Answer and New Matter to the Amended Petition for Review.

Two years later, on December 2, 2021, PSP filed the instant Application for Summary Relief and a supporting brief, asking this Court to enter judgment in its favor and dismiss Mr. Cao's Amended Petition for Review in light of the Supreme Court's ruling in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), which held that retroactive application of Subchapter I of SORNA II is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws. Mr. Cao filed a brief in opposition to the Application for Summary Relief on January 3, 2022, asserting that application of SORNA II to him is an unconstitutional *ex post facto* violation pursuant to the Supreme Court's more recent decision in *Commonwealth v. Santana*, 266 A.3d 528 (Pa. 2021),[3] because he committed his offenses before the enactment of any sex offender registration laws.[4]

## Analysis

### 1. Standard of Review

This Court may grant an application for summary relief if the moving party's right to judgment is clear and no material issues of fact are in dispute. *See* Pa.R.A.P. 1532(b); *Eleven Eleven Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017). In ruling on an application for summary relief, this Court must

---

[3] The Supreme Court decided *Santana* on December 22, 2021, after PSP filed its Application for Summary Relief and supporting brief in this matter.

[4] Following our October 16, 2019 Memorandum Opinion and Order resolving PSP's Preliminary Objections, the only claims that remain are Mr. Cao's *ex post facto* and due process claims. With regard to due process, Mr. Cao challenges SORNA II's "irrebuttable" presumption that sex offenders as a group are highly likely to reoffend and asserts that SORNA II's registration requirements violate his right to reputation. Although PSP addresses these claims in its Application for Summary Relief and supporting brief, Mr. Cao fails to address them in his responsive brief. Mr. Cao also has not put forth any material issues of fact or sought to present any evidence in support of these claims, even though he filed his Amended Petition for Review in 2018. Thus, it appears that Mr. Cao has abandoned his due process claims, and we will not address them.

4

"'view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law.'" *Eleven Eleven*, 169 A.3d at 145 (citation omitted).

## 2. Recent Supreme Court Precedent

Since Mr. Cao filed his Amended Petition for Review, our Supreme Court has made several pronouncements regarding the *ex post facto* implications of Pennsylvania's sex offender registration scheme. The three decisions most relevant to this matter are *Lacombe*, *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020) (*per curiam*), and *Santana*.

In *Lacombe*, decided in July 2020, the Supreme Court considered whether Subchapter I of SORNA II was punitive and, thus, an unconstitutional *ex post facto* law. The Court observed that the "General Assembly expressly declared that Subchapter I 'shall not be construed as punitive.'" *Lacombe*, 234 A.3d at 618 (quoting 42 Pa. C.S. § 9799.51(b)(2)). The Court further noted that, in enacting SORNA II, the General Assembly made a number of "significant changes" from SORNA I to "alleviate many of the concerns expressed in *Muniz*." *Id.* at 619, 626. Applying the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), for determining whether a statute constitutes punishment, the Supreme Court concluded that "Subchapter I [of SORNA II] is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws." *Id.* at 626-27.

Shortly after *Lacombe*, in December 2020, the Supreme Court issued a *per curiam* Order in *T.S.*, reversing an *en banc* decision of this Court and extending *Lacombe*'s holding to individuals whose offenses were committed before the

5

enactment of any sex offender registration scheme, in light of *Lacombe*.[5] *See also B.W. v. Pa. State Police*, 252 A.3d 643 (Pa. 2020) (*per curiam*) (reversing and remanding an *en banc* decision of this Court on the same grounds, i.e., that Subchapter I of SORNA II does not constitute punishment and is not an *ex post facto* law, even as applied to an offender who committed his triggering offenses before any sex offender registration scheme existed). Since 2020, this Court has consistently applied *Lacombe* and *T.S.* to petitioners whose underlying offenses pre-dated the enactment of all sex offender registrations laws. *See, e.g.*, *Zweifel v. Pa. State Police* (Pa. Cmwlth., No. 593 M.D. 2018, filed May 24, 2022); *Wetzel v. Pa. State Police* (Pa. Cmwlth., No. 362 M.D. 2018, filed July 14, 2021); *R.O. v. Blocker* (Pa. Cmwlth., No. 256 M.D. 2020, filed May 24, 2021); *Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed Jan. 26, 2021).

More recently, in *Santana*, decided in 2021, the Supreme Court was asked to determine whether *Muniz*'s holding – that applying SORNA I retroactively to offenders who committed their offenses before SORNA I's enactment was an unconstitutional *ex post facto* law – "applie[d] with equal force to offenders whose triggering offenses occurred in another state." *Santana*, 266 A.3d at 529-30. In *Santana*, the defendant committed rape in New York in 1983 and was subject to lifetime registration in New York after the enactment of its sex offender registration law in 1995. *Id.* at 530. When the defendant moved to Pennsylvania in 2015, he was subject to lifetime registration under SORNA I. *Id.* at 531. He later pled guilty

---

[5] The Supreme Court's Order in *T.S.* stated: "[T]he order of the Commonwealth Court is REVERSED. *See Commonwealth v. Lacombe*, . . . 234 A.3d 602 ([Pa.] 2020) (holding that Subchapter I of [SORNA II] does not constitute criminal punishment and is not an *ex post facto* law)."

to the criminal charge of failure to comply with his registration requirements under SORNA I. *Id.*

On appeal, the defendant "argued that applying SORNA I retroactively to his 1983 New York offense constituted an *ex post facto* violation no different from the one found in *Muniz*." *Id.* at 531-32. The Commonwealth argued that *Muniz* did not apply "because [the defendant] did not face an increase in punishment when he moved from New York to Pennsylvania" since he was already required to register for life under New York law. *Id.* at 535. The Supreme Court recognized that, for purposes of an *ex post facto* analysis, it was irrelevant whether Pennsylvania and New York "impose[d] the same or different registration periods" or "whether a new resident's crossing of Pennsylvania's borders actually increased the length of punishment. It does not even matter where [the defendant] committed the triggering offense. For present purposes, *what matters most is when that crime occurred*." *Id.* at 536 (emphasis added). The *Santana* Court then explained the framework for determining whether a law is *ex post facto* as follows:

> First, a court must ask when the initial offense was committed. Second, the court must ask whether the challenged law was enacted after the occurrence of the triggering offense and was then applied retroactively. If so, the final question is whether that retroactive law is punitive or increases the penalty for the existing crime.

*Id.* at 537.

Applying that analysis, the *Santana* Court held that *Muniz* applied to offenders whose triggering offenses occurred in another state prior to SORNA I's enactment. *Id.* at 529-30. Therefore, because SORNA I imposed registration requirements that did not exist at the time of the defendant's triggering offense in 1983, the Court

7

concluded that retroactive application of SORNA I to him was punitive and an unconstitutional *ex post facto* law under *Muniz*. *Id.* at 538-39.

### 3. Application of Supreme Court Precedent to this Case

In its Application for Summary Relief, PSP asserts that Mr. Cao's *ex post facto* claim is foreclosed by *Lacombe* and *T.S.*, which held that Subchapter I of SORNA II is nonpunitive and not an *ex post facto* law, even when applied to individuals whose offenses pre-dated the enactment of any sex offender registration law. Mr. Cao asserts, on the other hand, that *Santana* held that the only relevant inquiry in determining whether application of a law is an *ex post facto* violation is when the triggering offense was committed. As such, Mr. Cao contends that because he committed his offenses in 1995, before the enactment of any sex offender registration laws, SORNA II is an *ex post facto* law as applied to him under the Supreme Court's reasoning in *Santana*.[6] After careful review, we disagree with Mr. Cao.

We conclude that Mr. Cao has misconstrued *Santana*'s limited holding. While *Santana* involved a defendant whose triggering offenses pre-dated all sex offender registration laws, *Santana* involved the retroactive application of *SORNA I*, which was declared an unconstitutional *ex post facto* violation in *Muniz*. The precise issue before the *Santana* Court was whether *Muniz*'s holding, declaring SORNA I unconstitutional when retroactively applied to offenders whose offenses pre-dated the statute's enactment, applied equally to offenders who committed their triggering offenses in another state.

At issue here, however, is Mr. Cao's registration obligation under *SORNA II*, which amended SORNA I in response to *Muniz* and added new provisions.

---

[6] Pennsylvania's first sex offender registration statute, Megan's Law, took effect in April 1996. It is undisputed that Mr. Cao committed his underlying offenses in May 1995.

8

Significantly, the General Assembly added Subchapter I of SORNA II, which provides that its registration requirements shall apply to individuals who were "*required to register with [PSP] under a former sexual offender registration law* of this Commonwealth *on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired*." 42 Pa. C.S. § 9799.52(2) (emphasis added).[7] At the time of Mr. Cao's convictions in 2000, Megan's Law II was in effect, which required lifetime registration for offenders who, like Mr. Cao, had been convicted of aggravated indecent assault. Mr. Cao began his registration requirement in September 2003 when he was released from prison. Because Mr. Cao was subject to lifetime registration under Megan's Law II, and his registration period had not expired at the time of SORNA II's enactment, Subchapter I applies to him and requires his continued lifetime registration. *See* 42 Pa. C.S. § 9799.52(2). Notably, as we recognized in our prior Memorandum Opinion, Mr. Cao is subject to the same registration obligation that has applied to him since he was convicted in 2000 under Megan's Law II; SORNA II did not increase his period of registration.

We conclude that *Lacombe* and *T.S.* are dispositive of Mr. Cao's *ex post facto* claim, as those decisions also involved the application of Subchapter I of SORNA II. In *Lacombe*, the Supreme Court held that "Subchapter I [of SORNA II] is *nonpunitive* and *does not violate the constitutional prohibition against ex post facto laws*." *Lacombe*, 243 A.3d at 626-27 (emphasis added). In *T.S.*, the Supreme Court extended *Lacombe*'s holding to individuals, like Mr. Cao, whose triggering offenses

---

[7] Section 9799.52 of Subchapter I contains two subsections. Subsection (1) applies to individuals who committed their offenses between April 22, 1996, and December 20, 2012, whose registration periods have not expired. *See* 42 Pa. C.S. § 9799.52(1). Subsection (2), relevant here, applies to individuals who were required to register with PSP between April 22, 1996, and December 20, 2012, under pre-SORNA law whose registration periods have not expired. *See id.* § 9799.52(2).

were committed before the enactment of any sex offender registration laws. In fact, in *Santana*, which was decided one year after *Lacombe* and *T.S.*, the Supreme Court reaffirmed its holding in *Lacombe*, stating "that 'Subchapter I [of SORNA II] does not constitute criminal punishment, and [any] *ex post facto* claims [] necessarily fail.'" *Santana*, 266 A.3d at 530 n.7 (quoting *Lacombe*, 243 A.3d at 626-27). Thus, *Lacombe* and *T.S.* are still good law and are binding on this Court.[8]

In his brief, Mr. Cao asserts, incorrectly, that he "is registering under [SORNA II] as he was deemed to qualify based on his previous registration requirements under the previous version of SORNA (SORNA I)," which was declared unconstitutional in *Muniz* and *Santana*. Cao Br. at 5 (unpaginated). As explained above, however, Mr. Cao's initial registration obligation arose under Megan's Law II. Mr. Cao also relies extensively on the *Santana* Court's *ex post facto* analysis in arguing that SORNA II is punitive as applied to him, but that analysis was being applied to a statute, SORNA I, that had already been declared punitive in *Muniz*. Subchapter I of SORNA II, which applies to Mr. Cao, was declared nonpunitive and not an *ex post facto* law in *Lacombe*.

---

[8] We note that our sister appellate court, the Pennsylvania Superior Court, has similarly applied the *Santana* and *Lacombe* holdings in a case involving a defendant whose offenses pre-dated the enactment of any sex offender registration laws. *See Com. v. Cruz* (Pa. Super., Nos. 207 & 208 EDA 2021, filed June 24, 2022) (unreported memorandum) (concluding that, under *Santana*, the defendant's registration under SORNA I was an unconstitutional *ex post facto* violation as applied to offenses that pre-dated the enactment of any sex offender registration scheme, vacating his registration requirements under SORNA I, and *remanding "for the [trial] court to impose, and provide proper notification of, the applicable registration requirements under Subchapter I of SORNA II*," citing *Lacombe*) (emphasis added).

Therefore, we agree with PSP that Mr. Cao's *ex post facto* claim is foreclosed by our Supreme Court's rulings in *Lacombe* and *T.S.*[9]

## Conclusion

Accordingly, because we conclude that PSP's right to relief is clear and no material issues of fact are in dispute, we grant PSP's Application for Summary Relief and dismiss Mr. Cao's Amended Petition for Review.

_____
ELLEN CEISLER, Judge

---

[9] In its brief, PSP also argues, in the alternative, that even if this Court were to conclude that Mr. Cao is no longer obligated to register under SORNA II, he has an independent obligation to register as a sex offender under federal law. However, we need not address this claim, because we conclude that Mr. Cao is still required to register under SORNA II.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Huu Cao,                                  :
                    Petitioner            :
                                          :
        v.                                :        No. 512 M.D. 2015
                                          :
The Pennsylvania State Police of          :
The Commonwealth of Pennsylvania, :
                    Respondent            :

# **O R D E R**

AND NOW, this 4th day of August, 2022, we hereby GRANT the Application for Summary Relief filed by the Pennsylvania State Police of the Commonwealth of Pennsylvania and DISMISS Huu Cao's Amended Petition for Review.

_____
ELLEN CEISLER, Judge